IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

MARINA ONE, INC.
d/b/a JOYS MARINA,

ARCHIE F. ALLEN,

and

LINDA ALLEN

    Plaintiffs,

v.                                    CIVIL ACTION NO. 4:13cv117

JEAN JONES,

    Defendant.

FILED
MAY 2 2 2014
CLERK, US DISTRICT COURT
NORFOLK, VA

*MEMORANDUM OPINION & ORDER*

    Before the Court is Defendant Jean Jones' second Motion to Dismiss. ECF No. 21. Plaintiffs, who are a marina and its owners, filed a Complaint against Defendant, an owner of a boat berthed at the marina whose husband is involved in ongoing state court litigation against Plaintiffs for an injury he sustained at the marina. Plaintiffs, who rely on federal admiralty jurisdiction, allege that Defendant breached a slip agreement. They also seek a declaration that she is obligated to indemnify Plaintiffs in the state court action under that contract and raise other state law tort claims. The Amended Complaint, ECF No. 18, also includes a new declaratory judgment claim regarding Defendant's liability to the marina's owners, Plaintiffs Archie and Linda Allen. Defendant seeks dismissal of the First Amended Complaint as to the Allens. For the reasons stated below, Defendant's Motion to Dismiss is **DENIED IN PART** and **GRANTED**

1

IN PART.

## I. FACTUAL AND PROCEDURAL HISTORY

The facts alleged in the Amended Complaint are as follows. Plaintiff Marina One, Inc. is a Virginia corporation and the lessee and operator of Joys Marina in Hampton, Virginia ("the Marina"). Am. Compl. ¶ 4. Plaintiffs Archie and Linda Allen own the property where the Marina is located and lease it to Marina One. Am. Compl. ¶ 5. Additionally, they were the sole shareholders, directors, and officers of Marina One. Am. Compl. ¶ 6. Defendant Jean Jones is the co-owner of a 44-foot Sea Ray vessel that was docked at the Marina. The other owner of the vessel is Defendant's husband, Rick Jones. Am. Compl. ¶ 8. Mr. Jones has filed suit in state court against the Plaintiffs and alleges that in May 2012, he suffered personal injury while disembarking from their vessel at the Marina. Am. Compl. ¶ 20.

Attached to the Amended Complaint is a Slip Lease Agreement ("the Agreement") signed on June 27, 2011, and providing for the dockage of the Jones' vessel at the Marina between July 1, 2011 and June 30, 2012. Am. Compl., Ex. A. Rick Jones is listed as the "Lessee," but the Agreement was signed by Defendant. Above her signature is a certification that the person signing "is the owner of the vessel hereinabove described or is authorized to subj[e]ct such vessel to the provisions of this contract." *Id.* at 3. Notably, the Agreement provides that the lessee is required to obtain indemnity insurance in the amount of $300,000 and to list the Marina as an additional insured. Am. Compl. ¶ 13. However, when Plaintiffs raised this clause as a defense in Mr. Jones' state court suit, he claimed that he was not bound by the Agreement because Defendant was not authorized to sign the Agreement on his behalf. Am. Compl. ¶ 28.

Plaintiffs now raise five claims against Defendant. Count 1 is a claim for declaratory relief, and alleges that Defendant had the authority to bind herself to the Agreement as the owner

2

of the vessel. As such, she is obligated to indemnify the Marina in her husband's state court suit. Count 2 is a breach of contract claim, and alleges that Defendant breached numerous clauses of the Agreement, such as the requirement to maintain the pier in a safe condition and to defend and indemnify the Marina. Count 3 and 4 are actual and constructive fraud claims, and are raised in the alternative to Counts 1 and 2. (Count 4 is also raised in the alternative to Count 3). They allege that Defendant fraudulently misrepresented that she had the authority to sign the Agreement. Count 5, also raised in the alternative to Counts 1 and 2, alleges that Defendant breached the warranty of authority that she made to the Marina. Finally, Count 6, newly added to the Amended Complaint, seeks a declaration regarding Defendant's duties to the Allens in the event that the state court finds that the Allens are the "alter ego" of the Marina.

On March 5, 2014, the Court entered an order denying in part and deferring in part Defendant's first Motion to Dismiss. ECF No. 15. It denied the Motion to Dismiss on all but two grounds. First, as to Defendant's argument that the Complaint should be dismissed pursuant to Rule 12(b)(7) for failure to join Defendant's husband as a party, the Court ordered Defendant to notify him of this suit and deferred ruling pending any notification of his interest. Second, as to Defendant's claim that the Complaint failed to state claim as to the Allens, the Court granted Plaintiffs leave to amend the Complaint to "sufficiently plead their connection to the contract and tort claims." ECF No. 15, at 20. Plaintiffs filed an Amended Complaint on March 27, 2014, ECF No. 18, and Defendant filed a Motion to Dismiss on April 16, 2014, ECF No. 21. On April 29, 2014, Plaintiffs filed their Memorandum in Opposition, ECF No. 23, and Defendant filed a Reply on May 5, 2014, ECF No. 24. This matter is accordingly fully briefed and ripe for disposition.

## II. STANDARD OF REVIEW

Rule 12(b)(6) provides for dismissal of actions that fail to state a claim upon which relief can be granted. *See* Fed. R. Civ P. 12(b)(6). The Supreme Court has stated that in order "[t]o survive a motion to dismiss, a Complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (internal quotations omitted)). Specifically, "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Moreover, at the motion to dismiss stage, the Court is bound to accept all of the factual allegations in the Complaint as true. *Id.* at 678. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. Assessing the claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Rule 12(b)(7) provides for dismissal where a party has not been joined as required by Rule 19. The party asserting the Rule 12(b)(7) defense bears the burden of showing that a person not joined is necessary and indispensable pursuant to Rule 19. *Am. Gen. Life & Accident Ins. Co. v. Wood*, 429 F.3d 83, 92 (4th Cir. 2005). A court addressing such a defense may consider evidence presented outside of the pleadings. *R-Delight Holding LLC v. Anders*, 246 F.R.D. 496, 499 (D. Md. 2007).

## III. ANALYSIS

### A. Failure to join a necessary party

In her first Motion to Dismiss, Defendant contended that the Complaint should be dismissed for "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). She argud that her

4

husband, Rick Jones, is a required party pursuant to Federal Rule of Civil Procedure 19(a):

> **(1) *Required Party.*** A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

The Court ruled that Rule 19(1)(A) was not satisfied because Mr. Jones was not required to accord complete relief among the parties. It then noted that a prerequisite to either sub-part of Rule 19(a)(1)(B) is that Mr. Jones "claims an interest relating to the subject of the action." Finding that there was no indication of his interest, the Court ordered Defendant to notify him of the suit and to certify to the Court that she had done so. Defendant complied on March 11, 2014. ECF No. 16. Further, the Court stated that if it did not receive an indication of interest from Mr. Jones within fourteen days, it would assume that Mr. Jones does not wish to claim an interest in this action and would deny Defendant's Motion to Dismiss for failure to join him as a party. The Court has to date received no communication from Mr. Jones. Therefore, Defendant's Motion to Dismiss pursuant to Rule 12(b)(7) is **DENIED**.

**B. Dismissal of the Allens' Claims**

The Court also deferred ruling on Defendant's contention that the claims of the Allens should be dismissed because there is no allegation in the Complaint that Defendant owed them a duty either in contract, warranty, or tort. The Complaint substantively mentioned the Allens only twice, stating 1) that they own the property where the Marina is located and lease it to Marina One, Inc. for the purposes of operating Joys Marina, ¶ 5, and 2) are and were agents of Joys Marina, ¶ 6.

The Court held that while the Allens had shown that they might suffer injuries as a result of Mr. Jones' state court suit, these facts were not sufficient to show why Defendant might be liable to them in contract or tort in the federal suit. *See generally* 13 Williston on Contracts § 37:1 (4th ed. 2013) (describing that generally, only parties to a contract or third party beneficiaries may sue to enforce it); Peter Nash Swisher, *et al.*, Va. Prac. Tort and Personal Injury Law § 10:5 (2013) (describing the elements of a constructive fraud claim). Accordingly, the Court granted Plaintiffs leave to amend the Complaint to sufficiently plead their connection to the contract and tort claims.

The Amended Complaint has attempted to address the deficiency in the Complaint in three main ways. First, it states that the Allens "are and at all pertinent times were the sole shareholders, directors, officers of Marina One, Inc. d/b/a Joys Marina and Joys Marina, Inc. and were in sole control of said corporation." Am Compl. ¶ 6. Second, it extensively details Mr. Jones' allegations against the Allens in the state court lawsuit. It notes that they are named personally in that suit and that Mr. Jones seeks judgment against them jointly and severally with the Marina. *Id.* ¶¶ 21-22. Mr. Jones alleges that the Allens owed him a duty of ordinary care as owners of the Marina and failed to warn him of hazards. *Id.* ¶¶ 25-26. Third, Plaintiffs added an additional claim for declaratory judgment, Count 6, titled "Declaratory Relief as to the Allen Plaintiffs." *Id.* at 11. It emphasizes that Mr. Jones has asserted that the Marina cannot enforce the Agreement and that he did not intend to contract with them. Therefore, Plaintiffs state that the state court "may" find that the Allens are personally liable to Mr. Jones as an alter ego of the Marina. *Id.* In the event that the state court so finds, the Allens request a declaration that Defendant owes them duties under the Agreement and has breached those duties.

Although Plaintiffs make much of the fact that the state court *could* find them personally liable and that Mr. Jones claims that they are personally liable to him, they continue to disclaim

6

that they *are* in fact personally liable. They state, for example, that "Marina One is . . . the true and proper party to the Contract signed by Defendant." Mem. in Opp., ECF No. 23, at 7. Nowhere do they contend that they are the alter ego of the Marina, or that it would be in any way proper for them, instead of the Marina, to be held personally liable. They also do not claim to be third-party beneficiaries of the contract between the Marina and Defendant. As such, Counts 1 through 5 may only be raised by the Marina. Plaintiffs allege that Defendant contracted with the Marina, or defrauded the Marina, not that she had any legal relationship with the Allens. For example, Count 1 alleges that Defendant has a duty to defend and indemnify the Marina; Count 2 alleges that Defendant has breached contractual obligations to the Marina; Counts 3 and 4 claim that Defendant made a knowingly false representation to the Marina; and Count 5 contends that Defendant breached a warranty made to the Marina.

None of these claims as pleaded implicate the Allens. And under Virginia law, the "immunity of stockholders is a basic provision of statutory and common law and supports a vital economic policy underlying the whole corporate concept. . . . The decision to ignore the separate existence of a corporate entity and impose personal liability upon shareholders for debts of the corporation is an extraordinary act to be taken only when necessary to promote justice." *C.F. Trust, Inc. v. First Flight L.P.*, 580 S.E. 2d 806, 809 (Va. 2003) (internal quotations and citations omitted). As Plaintiffs disclaim that the Allens are personally liable and plead that the Marina was acting through its corporate form, the Allens are not proper parties and Counts 1 through 5 against them must be dismissed.

Plaintiffs' new claim for declaratory relief presents a closer question. It is well-settled that while a party need not wait until they suffer injury to bring a claim for declaratory relief, "a declaratory judgment may not be given for a purely hypothetical situation." *A.S. Abell Co. v.*

*Chell*, 412 F.2d 712, 719 (4th Cir. 1969). "[T]he proper function of a declaratory judgment is not that of an advisory opinion." *Id.* Defendant argues that because Count 6 is based entirely on the contingency that the state court pierce the corporate veil of the Marina, it does not allege a sufficiently concrete dispute between the parties and would require this Court to enter an advisory opinion. The Allens respond that contingencies are not uncommon under the Declaratory Judgment Act. For example, they note, insurance companies routinely seek a declaration that they are not obligated to cover the insured before the insured is actually found liable.

"Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995). In this instance, the Court finds it inappropriate to exercise its broad discretion to consider whether the Allens are entitled to declaratory relief. The problem is not necessarily one of contingency. As the Plaintiffs point out, a purpose of the Declaratory Judgment Act is to give parties an ability to settle actual controversies without waiting for injury to accrue. Moreover, it is not fatal that a theory of relief underlying Count 6 would contradict the theory of corporate liability underlying Counts 1 through 5. Plaintiffs are entitled to plead alternative claims for relief so long as each is independently supported by sufficient facts. *In re Livent, Inc. Noteholders Sec. Litig.*, 151 F. Supp. 2d 371, 406-07 (S.D.N.Y. 2001). However, the Court doubts whether Plaintiffs have pleaded sufficient facts to support their claim for declaratory relief. Other than quoting Mr. Jones' claims, they have raised no facts that would support a finding that the Allens are the alter ego of the Marina. However, even assuming they have adequately pleaded this issue, the Court finds it inappropriate to entertain their claim for declaratory relief.

The Allens' claim for declaratory relief is critically different in one respect from their hypothetical cases involving insurers seeking a declaration of coverage. In those cases, the court can immediately proceed to adjudicate the claim regardless of the future uncertainty about whether or not the insured will ultimately be liable. But here, Plaintiffs do not ask the Court to adjudicate the claim until (and if) the state court makes a certain finding in Mr. Jones' suit against the Marina. They provide no estimate of when that might occur. Nor do they suggest how the Court is to proceed with this case in the interim—is the case to be bifurcated, with Claim 6 held in abeyance indefinitely? Or should the entire action be delayed? Neither course of action is desirable, and the Court concludes that either would undermine the Act's purpose of clarifying the legal relationships among the parties.. This Court has an interest in expeditiously and efficiently managing its docket, and that interest requires dismissal of the Allens' claim for declaratory relief. *See* Wright & Miller, 10B Fed. Prac. & Proc. Civ. § 2759 (3d ed.) ("If a case can be settled most expeditiously in the federal court, that court should exercise its jurisdiction.").

For all of these reasons, Defendant's second Motion to Dismiss the Allens' claims is **GRANTED**. Count 6 is dismissed in its entirety and the remaining counts are dismissed to the extent they seek relief for the Allens. However, this dismissal is **WITHOUT PREJUDICE** should the Allens wish to file a separate suit for relief.

## IV. CONCLUSION

For the reasons outlined above, Defendant's Motion to Dismiss is **DENIED IN PART AND GRANTED IN PART**. The claims brought by the Allen Plaintiffs are **DISMISSED WITHOUT PREJUDICE**.

The Clerk is **DIRECTED** to send a copy of this Order to all parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
May 21, 2014

/s/
Raymond A. Jackson
United States District Judge